UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYCOL ESAU GARCIA-SOLORZANO (A 220-908-549),<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-04219-DC-CKD (HC)<br><br><u>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND AMENDED PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. No. 11) |

Petitioner, an immigration detainee proceeding through counsel filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 7.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 23, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 11.) On July 28, 2026, Respondent filed objections to the findings and recommendations, in which Respondent objected, "[f]or the reasons set forth in [Respondent's] previous briefing." (Doc. No. 12.) That same day, Petitioner filed objections, objecting only "to the possibility of petitioner being released in California with no way to return to Florida," as in his amended petition he requested to be

released in Florida. (Doc. Nos. 13 at 2; 7 at 23.) The undersigned has considered Petitioner's objection but does not find the authorities cited by Petitioner to be a sufficient basis to order Respondents to facilitate his return to Florida.

As for Respondents' objections, those arguments were considered and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-CV-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim); *see also Rodriguez Vazquez v. Drew Bostock, et al.*, No. 25-6842 at 10 (9th Cir. July 30, 2026) (affirming the district court's ruling and holding that noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A)). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 23, 2026 (Doc. No. 11), are ADOPTED;

2. Petitioner's amended petition for a writ of habeas corpus (Doc. No. 7) is GRANTED;

3. Respondent is ORDERED to immediately RELEASE Petitioner from custody, as follows:

a. At the time of release, Respondent shall be required to return all of Petitioner's documents and possessions;

b. Respondent shall not impose any additional restrictions on Petitioner unless such restrictions are deemed necessary at a future pre-deprivation hearing;

4. Respondent is ENJOINED AND RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections which include, at a minimum pre-deprivation notice describing the change of circumstance(s) necessitating re-detention and a timely pre-deprivation hearing at which the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight even after consideration of alternatives to detention, and at which Petitioner shall be permitted to have his counsel present;

5. This order does not address the circumstances under which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

6. The Clerk of the Court is directed to serve California City Immigration Processing Center with a copy of this order; and

7. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Dena Coggins
United States District Judge